### 12016.  SHIFLETT v. THE STATE.

One witness having testified positively to the commission of the alleged offense, and the verdict of guilty having been approved by the trial judge, the verdict can not be set aside by this court because of alleged insufficiency of evidence.

There is no merit in a ground of the motion for a new trial in which it is alleged that the court erred in excluding testimony of a named witness that a certain other witness said, as to " this matter," that " it was a low-down trick," and said also that he did not " see him do it," but a named person did, and he did not know anything except what this person told him.

The court did not err " in not charging the law of circumstantial evidence as embodied in section 1010 of the Penal Code."

Newly discovered evidence which was both cumulative and impeaching and would not probably produce a different verdict on another trial did not require a new trial.

DECIDED MARCH 9, 1921.

Accusation of malicious mischief; from city court of Polk county — Judge Tison. November 13, 1920.

Shiflett was charged with having cut an automobile tire of J. C. H. Dunn. Ground 3 of the amendment to the motion for a new trial is as follows: The court erred "in ruling and holding the following testimony of Wesley Bridges irrelevant and inadmissible: Q. Do you know Bill Flippins? A. Yes, sir. Q. Have you heard him say anything about this matter? A. Yes, he said it was a low-down trick — anybody that would do that. I said, 'Did you see him do it?' and he said, 'No, but Mrs. Dunn did.' Q. He told you that he didn't know anything except what Mrs. Dunn told him? A. Yes, sir. Movant insists that, in view of the testimony of said Bill Flippins, the statement he made to Wesley Bridge was relevant and material, and should have been admitted for the consideration of the jury." The witness Flippins (or Flippen) testified that on the occasion on which, according to other testimony, the tire was cut, he saw the defendant "coming out from Mr. Dunn's car," and "go walking off," and saw him shut up his knife.

Ground 4 is as follows: "The court erred in not charging the law of circumstantial evidence as embodied in section 1010 of the Penal Code." There was direct testimony as to the cutting of the tire, Mrs. Dunn testifying that she saw the defendant cut it.

*Mundy & Watkins,* for plaintiff in error.

*J. A. Wright, solicitor, J. K. Davis,* contra.

LUKE, J. 1. The defendant in this case was convicted of a misdemeanor. The evidence was conflicting. If the jury had believed the evidence for the defendant, a verdict in his favor would have been demanded. The evidence for the State was weak, but the jury believed the one witness for the State who testified positively to the commission of the offense. Therefore, the verdict of guilty having the approval of the trial judge, under repeated rulings of the Supreme Court and of this court, this court cannot set it aside because of alleged insufficiency of evidence.

2. The assignment of error in ground 2 of the amendment to the motion for a new trial, upon the court's refusal to admit evidence, falls within the rule that requires the court to be apprised

of what the answer of the witness is expected to be, when the witness is upon direct examination.

3.  There is no merit in grounds 3 and 4 of the amendment to the motion for a new trial.

4.  The newly discovered evidence was both cumulative and impeaching, and would not probably produce a different verdict upon another trial.  For no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*